# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ARISING UNDER THE FAIR LABOR STANDARDS ACT AND THE ILLINOIS MINIMUM WAGE LAW

Francisco Canteria ("Plaintiff"), for himself and on behalf of his spouse, heirs, executors, successors and assigns, on the one hand, and Louis J. Roussel III, Louis J. Roussel Racing Stable, to the extent such entity exists, and, as applicable, their spouse, heirs, executors, shareholders, officers, directors, agents, employees, insurers, and their predecessors, successors and assigns ("Defendants"), on the other hand, voluntarily agree to completely settle and resolve all claims referenced herein by executing this Settlement Agreement and Release of Claims Arising Under the Fair Labor Standards Act and the Illinois Minimum Wage Law (the "Statutory Settlement Agreement").

WHEREAS, on July 22, 2016, Plaintiff filed a Complaint against Defendants in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"), Case No. 16 CV 7483 (the "Lawsuit") alleging, *inter alia*, that Defendants violated the Fair Labor Standards Act (the "FLSA") 29 U.S.C. § 201 *et seq.* and the Illinois Minimum Wage Law (the "IMWL") 820 ILCS 105/1 *et seq.*, by failing to pay him overtime compensation at the rates and in the manner mandated by these statutes, and by failing to provide him with pay stubs listing the number of hours he worked each week and his hourly rate of pay;

WHEREAS, Plaintiff alleged other claims in the Lawsuit that have been conditionally resolved pursuant to a confidential master settlement agreement, which the parties have reduced to writing;

WHEREAS, Plaintiff has also filed an Application for Adjustment of Claim against Defendants in the Illinois Workers' Compensation Commission (the "IWCC"), Case No. 15 CV 41241, followed by an Amended Application for Adjustment of Claim in the same matter (collectively, the "Workers' Compensation Claim") alleging, *inter alia*, that he was injured in the course and scope of his employment by Defendants when he was kicked in the face by a horse on July 28, 2015;

WHEREAS, Plaintiff's Workers' Compensation Claim has also been conditionally resolved pursuant to an Illinois Workers' Compensation Commission Settlement Contract Lump Sum Petition and Order (the "Workers' Compensation Settlement Contract") that will be submitted to the IWCC for approval;

WHEREAS, the parties want to avoid further controversy, litigation, costs, legal fees and inconvenience;

WHEREAS, Defendants (i) expressly deny all of the allegations contained in the Lawsuit, (ii) expressly maintain their position that the violations of law alleged in the Lawsuit did not occur, and (iii) expressly maintain that no violations of law occurred concerning the Plaintiff's employment by Defendants, statutory or otherwise;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, Plaintiff and Defendants agree as follows:

1. _Effective Date_. This Statutory Settlement Agreement shall be effective as of the date on which it is executed by both the Plaintiff and the Defendants (the "_Effective Date_").

2. _Payment Terms._ Within ten (10) days after both the Court approves this Statutory Settlement Agreement and the IWCC approves the Workers' Compensation Settlement Contract, Defendants shall issue and deliver payment in the amount of SEVEN THOUSAND EIGHTY-FOUR DOLLARS ($7,084.00) to Plaintiff and his attorneys, which payment shall me made on the following checks delivered to the Law Office of Paul Luka, P.C., 120 S. State Street, Suite 400, Chicago, IL 60603:

   (a) One check in the amount of TWO THOUSAND EIGHTY-FIVE DOLLARS ($2,085.00), payable to "Francisco Canteria." This payment shall constitute full satisfaction of all allegedly unpaid wages according to the allegations in Plaintiff's Complaint. Accordingly, Defendants may withhold taxes from this payment provided that they include it on an IRS Form W-2 issued to Plaintiff;

   (b) A second check in the amount of TWO THOUSAND EIGHTY-FIVE DOLLARS ($2,085.00), payable to "Francisco Canteria." This payment shall constitute full satisfaction of all disputed liquidated damages and penalties owed under the FLSA according to the allegations in Plaintiff's Complaint. Accordingly, Defendants shall make no withholding from this payment. Defendants may include this amount on an IRS Form 1099 issued to Plaintiff, provided they categorize it appropriately;

   (c) A third check in the amount of FIVE HUNDRED SIXTY-EIGHT DOLLARS AND SEVENTY-EIGHT CENTS ($568.78), payable to "Francisco Canteria." This payment shall constitute full satisfaction of all disputed liquidated damages and penalties owed under the IMWL according to the allegations in Plaintiff's Complaint. Accordingly, Defendants shall make no withholding from this payment. Defendants may include this amount on an IRS Form 1099 issued to Plaintiff, provided they categorize it appropriately; and

   (d) A fourth check in the amount of TWO THOUSAND THREE HUNDRED FORTY-FIVE DOLLARS AND TWENTY-TWO CENTS ($2,345.22), payable to the "Law Office of Paul Luka, P.C." This payment shall constitute disputed attorneys' fees and costs relative to Plaintiff's wage-and-hour claims. Defendants may include this payment on an IRS Form 1099 issued to the Law Office of Paul Luka, P.C.

3. _Release._ For and in consideration of the promises contained in this Statutory Settlement Agreement, including timely and complete payment of the monetary consideration described above, Plaintiff knowingly and voluntarily releases and forever discharges Louis J. Roussel III, Louis Roussel Racing Stable, to the extent it exists, and, as applicable, any and all owners, spouses, heirs, executors, shareholders, current and former employees, attorneys, officers, directors, subsidiaries, divisions, predecessors, insurers, successors and assigns of Defendants and their businesses, individually and in their business capacities, of and from any and all claims for violation of the Fair Labor Standards Act ("_FLSA_"), the Illinois Minimum

Wage Law ("IMWL"), the Illinois Wage Payment and Collection Act ("IWPCA"), and any other statute, regulation, ordinance, rule or law governing the payment of wages and/or the number of hours employees may work, including the claims that Plaintiff brought in Count I and Count II of the Lawsuit, to the fullest extent permitted by law.

4. Non-Admission. This Statutory Settlement Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as an admission by Defendants of (i) any liability or wrongdoing to Plaintiff, (ii) the breach of any agreement, (iii) the violation of any statute, law or regulation, or (iv) the waiver of any defenses as to those matters within the scope of this Statutory Settlement Agreement. Defendants specifically deny any liability or wrongdoing, and Plaintiff agrees that he will not state, suggest, or imply anything to the contrary to anyone, either directly or indirectly, whether through counsel or otherwise.

| FRANCISCO CANTERIA: | LOUIS J. ROUSSEL III: |
|---|---|
| *Francisco Canteria* | _____ |
| Individually | Individually and as Authorized Agent for His Business(es) |
| 2016 - 11 - 11 | _____ |
| Date | Date |

Wage Law ("IMWL"), the Illinois Wage Payment and Collection Act ("IWPCA"), and any other statute, regulation, ordinance, rule or law governing the payment of wages and/or the number of hours employees may work, including the claims that Plaintiff brought in Count I and Count II of the Lawsuit, to the fullest extent permitted by law.

4. **Non-Admission.** This Statutory Settlement Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as an admission by Defendants of (i) any liability or wrongdoing to Plaintiff, (ii) the breach of any agreement, (iii) the violation of any statute, law or regulation, or (iv) the waiver of any defenses as to those matters within the scope of this Statutory Settlement Agreement. Defendants specifically deny any liability or wrongdoing, and Plaintiff agrees that he will not state, suggest, or imply anything to the contrary to anyone, either directly or indirectly, whether through counsel or otherwise.

FRANCISCO CANTERIA:

_____
Individually

_____
Date

LOUIS J. ROUSSEL III:

_____
Individually and as Authorized Agent for His Business(es)

_____11/14/16_____
Date